

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
RACHEL ALLEN,                          :

                Plaintiff,     :

            v.                        :

INSTITUTE FOR COMMUNITY             :
LIVING,                                    :
              Defendant.   :
-----------------------------------------------------x

**08 CV 0871** (ECF)

Civil Action No.

**<u>NOTICE OF REMOVAL OF ACTION</u>**

JAN 2 4 2008

U.S.D.C. S.D. N.Y.
CASHIERS

Defendant, Institute For Community Living, by and through its counsel, Clifton

Budd & DeMaria, LLP, desiring to remove this civil action from the New York State Supreme

Court, New York County to the United States District Court for the Southern District of New

York, pursuant to 28 U.S.C. §1441, hereby submits this Notice of Removal and alleges as

follows:

      1.     The named defendant consents to this action being removed to the United

States District Court for the Southern District of New York.

      2.     The Plaintiff, Rachel Allen, commenced an action by filing a Summons

and Complaint in the New York State Supreme Court, New York County. A copy of Plaintiff's

Summons and Complaint is attached hereto as **Exhibit A**.

      3.     The Notice of Removal is being filed within thirty (30) days of the receipt

by Defendant of the Summons and Complaint and is timely filed under 28 U.S.C. §1441(b).

      4.     This is a civil action in which Plaintiff alleges disability discrimination

under the Americans with Disabilities Act of 1990 ("ADA").

      5.     Defendant seeks removal based on 42 U.S.C. §12101, *et seq*. Subject

matter jurisdiction is also conferred by 28 U.S.C. §1331.

6.     This is an action over which the United States District Court has jurisdiction pursuant to 28 U.S.C. §1331.  The federal statute under which Plaintiff's claims arise is 42 U.S.C. §12101, *et seq*.  Accordingly, this Court has jurisdiction over the matter pursuant to 28 U.S.C. §1331, and this action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441.

**WHEREFORE**, Defendant, whose attorneys have signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, pray that this action be removed to the United States District Court for the Southern District of New York.

Date:   January 23, 2008
        New York, New York

                              Respectfully submitted,
                              CLIFTON BUDD & DeMARIA, LLP
                              Attorneys for Defendant


                    By:     _____
                              George F. Brenlla, Esq. (GB-9612)
                              420 Lexington Avenue
                              New York, New York  10170
                              (212)687-7410


gfb\litigation\misc\INSTITUTE FOR COMMUNITY LIVING – Notice of Removal of Action – 01-23-2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

RACHEL ALLEN,

                            Plaintiffs,

              -against-



INSTITUTE FOR COMMUNITY LIVING,

                            Defendants

-------------------------------------------------------------------X

Index No. *11592-07*
Date Filed: *11-30-07*
Plaintiff designates
New York
County as the place of trial

The basis of the venue is
Defendant's Place of
Business

## *SUMMONS*

Plaintiff resides at
175 Saratoga Avenue
County of Kings

**To the above named Defendant (s) :**

# YOU ARE HEREBY SUMMONED, to answer the

complaint in this action and to serve a copy of your answer, or, if the complaint is not served
with this summons, to serve a notice of appearance, on the Plaintiff (s) Attorney within 20
days  after the service  of this summons, exclusive of the day of service (or within 30 days
after the service is completed if this summons is not personally delivered to you within the
state of New York) ;  and in case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the complaint.

DATED:      New York, New York
            November 29, 2007

Defendant (s) 'address:

### *INSTITUTE FOR COMMUNITY LIVING*

40 Rector Street
8th Floor
New York, NY 10004

*David Segal*

*DAVID SEGAL*
Attorney for Plaintiff (s)
Office & P.O. Address:
30 Vesey Street
New York, New York 10007
Tel. No. : (212) 406 - 9200

NEW YORK
COUNTY CLERK'S OFFICE

NOV 3 0 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

RACHEL ALLEN,

               Plaintiff,

      v.

INSTITUTE FOR COMMUNITY LIVING,

               Defendant.
-------------------------------------------------------------------X

Index No.: 115942-07
Dated Filed: 11-30-07

      Plaintiff, by and through her attorney, David Segal, respectfully alleges, upon information and belief, as follows:

## NATURE OF THE CASE

    1. This Complaint is filed by plaintiff, Rachel Allen, an employee of the defendant. She brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

    2. This action seeks declaratory and equitable relief from discrimination in employment against plaintiff.

    3. This action is brought pursuant to the Americans with Disabilities Act of 1990.

    4. The unlawful employment practices described herein involve defendant's treatment of plaintiff in an inferior manner due to her history of mental illness and then subsequently terminating her employment.

## PARTIES

    5. That at all times herein mentioned, plaintiff was a resident of the County of Kings, City and State of New York.

    6. That at all the times herein mentioned plaintiff suffered from mental illness.

7. That at all the times herein mentioned, defendant was a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, is a private agency subsidized by City, State and Federal funding sources which assists individuals enrolled in its programs to recover from mental illness and substance abuse.

9. Defendant has its headquarters in the County, City and State of New York.

## FACTS

10. Plaintiff was enrolled in the defendant's program for treatment of drug abuse, mental illness and homelessness from 1999 to 2003.

11. Plaintiff became a supervisory peer advocate in the defendant's community and was subsequently hired as an assistant counselor in 2004.

12. Plaintiff's work history with defendant was always satisfactory.

13. On January 29, 2007 the plaintiff was terminated by defendant for insubordination in the workplace on two (2) occasions.

14. Defendant unlawfully terminated plaintiff in violation of the Americans with Disabilities Act of 1990.

15. Plaintiff did not and never acted in an improper manner.

16. Plaintiff was terminated due to her medical condition.

17. Plaintiff has been unable to secure new employment since her unlawful termination by defendant.

## EXHAUSTION OF REMEDIES

18. Plaintiff filed a complaint against defendant with the U.S. Equal Employment Opportunity Commission (EEOC).

2

19. The EEOC investigated plaintiff's complaint.

20. On September 5, 2007 the EEOC dismissed plaintiff's charges against defendant.


## DAMAGES

21. The amount of damages sought exceeds the jurisdictional limits of all courts that would otherwise have jurisdiction.

22. The plaintiff has suffered substantial damages.

## RELIEF SOUGHT

Wherefore, plaintiff demands judgment against defendant as follows:

A.  Enter a declaratory judgment that defendant's termination of plaintiff was in violation of the Americans with Disabilities Act of 1990 and directing defendant to rehire plaintiff.

B.  Enter a judgment against defendant and in favor of plaintiff in an amount equal to her back pay.

C.  Enter a judgment against defendant for out of pocket expenses incurred by plaintiff on account of defendant's unlawful discriminatory practices as aforesaid.

D.  Enter a judgment against defendant and in favor of plaintiff for reasonable attorney fees and costs.

E.  Enter a judgment for compensatory damages.

F.   Enter a judgment for punitive damages.

G.  For such other and further relief as the Court may deem just and proper.

3

Dated: New York, New York
        November 29, 2007

David Segal
Attorney for Plaintiff
Office & P.O. Address:
30 Vesey Street, Suite 900
New York, N.Y. 10007
(212) 406-9200

# COMPLETE THIS STUB

Endorse This INDEX NUMBER ON All Papers and advise your adversary of the number assigned. Sec. 202.5, Uniform Rules Of Trial Courts

DO NOT DETACH

Title of Action or Proceeding to be TYPED or PRINTED by applicant
SUPREME COURT, NEW YORK COUNTY

v.

**INDEX NUMBER FEE
$210.00**

7115942

RECEIPT
NEW YORK COUNTY CLERK
60 CENTRE STREET
NEW YORK, NY 10007
R141

| DEPARTMENT | AMOUNT |
|---|---|
| 1 GEN | 165.00 |
| 7 SURCHARGE | 45.00 |
| TOTAL | 210.00 |
| CHECK | 210.00 |

CONS CASHIER DATE TIME TERM
-30041 12255 07 MAR 30 12:42 PM 41-

4