UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEWYORK
-----------------------------------------------------------x
RACHEL ALLEN,

                     Plaintiff,           Civil Action No: 07 Civ 0871 (DC) (RLE)

            -against-           **ANSWER**

INSTITUTE FOR COMMUNITY LIVING,

                     Defendant.

-----------------------------------------------------------x

Defendant, Institute for Community Living, by and through their attorneys, Clifton Budd & DeMaria, LLP, answers the Complaint in the above-captioned matter as follows:

## NATURE OF THE CASE

1. Admits Plaintiff was an employee of the Defendant, but except as so admitted, denies the remaining allegations contained in paragraph 1 of the Complaint.

2. Admits that Plaintiff seeks declaratory and equitable relief, but except as so admitted, denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Admits Plaintiff purports to bring action pursuant to the Americans with Disabilities Act of 1990, but except as so admitted, denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Denies the allegations contained in paragraph 4 of the Complaint.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies the allegations contained in paragraph 6 of the Complaint.

7. Admits the allegations contained in paragraph 7 of the Complaint.

8. Admits that Defendant receives certain funding, but except as so admitted, denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Admits the allegations contained in paragraph 9 of the Complaint.

### FACTS

10. Admits the allegations contained in paragraph 10 of the Complaint.

11. Admits the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Admits that Plaintiff's employment was terminated, but except as so admitted, denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

### EXHAUSTION OF REMEDIES

18. Admits the allegations contained in paragraph 18 of the Complaint.

19. Admits the allegations contained in paragraph 19 of the Complaint.

20. Admits the allegations contained in paragraph 20 of the Complaint.

## DAMAGES

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the compensatory or punitive damages or any other relief sought in the Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under the Americans with Disabilities Act are barred because Plaintiff failed to properly exhaust her administrative remedies.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought because Plaintiff has failed to mitigate her damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendant had legitimate, non-discriminatory business reasons for any alleged employment action taken against Plaintiff.

WHEREFORE, Defendant demands judgment dismissing the Complaint in its entirety, and requests that the Court grant Defendant its costs, attorneys' fees and such other and further relief which the Court deems just and proper.

Dated: January 30, 2008
       New York, New York

                           Respectfully submitted,

                           CLIFTON BUDD & DeMARIA, LLP
                           Attorneys for Defendant

By: _____
       George F. Brenlla, Esq. (GB-9612)
       420 Lexington Avenue, Suite 420
       New York, New York 10170-0089
       (212) 687-7410

dpo/ICL-Allen-Answer

## CERTIFICATE OF SERVICE BY FIRST CLASS MAIL

ELAINE COBOS, deposes and says:

I am not a party of the action, I am over 18 years of age, and I reside at Forest Hills, New York.

On January 30, 2008, I served the within **ANSWER, Civil Action No. 07 CV 0871** by first class mail upon:

> David Segal
> 30 Vesey Street
> New York, New York  10007

at the address designated by them for that purpose, by depositing a true copy of the same enclosed in postage-paid, properly addressed wrapper in a depository under the exclusive care and custody of the United States Postal Service within the State of New York.

I have read the foregoing statement and I certify under the penalties of perjury under the laws of the United States of America that it is true and correct.

Executed at New York, New York on January 30, 2008.

_____
ELAINE COBOS